1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARVIN WHITTMAN,                    No.  2:24-cv-01575-DJC-CKD (PS)

12              Plaintiff,               FINDINGS AND RECOMMENDATIONS
                                         AND ORDER ON DEFENDANT'S
13        v.                             MOTION TO DISMISS

14   CHICO COURT,                        (ECF No. 7)

15              Defendant.

16

17        On June 3, 2024, plaintiff Marvin Whittman, who proceeds pro se, filed a complaint.[1]

18   (ECF No. 1.)  On August 14, 2024, defendant Superior Court of California, County of Butte[2] filed

19   the instant motion to dismiss, and set the hearing for October 2, 2024.  (ECF No. 7.)  Plaintiff did

20   not file a response to defendant's motion to dismiss.  On September 6, 2024, the Court issued an

21   order vacating the October 2, 2024 hearing and requiring plaintiff to file a written opposition or a

22   statement of non-opposition to Defendant's motion to dismiss within fourteen (14) days of the

23   order.  (ECF No. 8.)  Plaintiff did file an opposition or a statement of non-opposition.  On

24   September 27, 2024, defendant filed a statement of plaintiff's non-opposition.  (ECF No. 9.)

25   Thus, the court RECOMMENDS dismissal for failure to prosecute.

26

27   _____
     [1]  This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal.
     Local Rule 302(c)(21).
28   [2]  Defendant was erroneously sued as "Chico Court."  (ECF No. 7.)

1    **<u>Legal Standard</u>**

2    Eastern District Local Rule 183(a) provides, in part:

3    > Any individual representing himself [] without an attorney is bound by the Federal
     > Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.
4    > All obligations placed on "counsel" by these Rules apply to individuals appearing
     > in propria persona.  Failure to comply therewith may be ground for dismissal,
5    > judgment by default, or any other sanction appropriate under these Rules.

6    *See also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same

7    rules of procedure that govern other litigants") (overruled on other grounds).  A district court may

8    impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of

9    Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply

10   with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  *See*

11   *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte

12   to dismiss a suit for failure to prosecute"); *Hells Canyon Preservation Council v. U.S. Forest*

13   *Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to

14   Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply

15   with the rules of civil procedure or the court's orders); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.

16   1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for

17   dismissal."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule

18   of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any

19   order of the court."); *Thompson v. Housing Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir.

20   1986) (per curiam) (stating that district courts have inherent power to control their dockets and

21   may impose sanctions including dismissal or default).

22           A court must weigh five factors in determining whether to dismiss a case for failure to

23   prosecute, failure to comply with a court order, or failure to comply with a district court's local

24   rules.  *See, e.g., Ferdik*, 963 F.2d at 1260.  Specifically, the court must consider:

25   > (1) the public's interest in expeditious resolution of litigation;
     > (2) the court's need to manage its docket; (3) the risk of prejudice to
26   > the defendants; (4) the public policy favoring disposition of cases
     > on their merits; and (5) the availability of less drastic alternatives.
27

28   *Id.* at 1260-61; *accord Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002).

1      **Analysis**

2              Here, the first two factors weigh in favor of dismissal, because this case has already been

3      delayed by plaintiff's failure to take the steps necessary to move this case forward.  The third

4      factor also slightly favors dismissal, because, at a minimum, defendant has been deprived of an

5      opportunity to be promptly notified of the lawsuit and prepare its defense.  With the passage of

6      time, witnesses' memories fade and evidence becomes stale.

7              Furthermore, the fifth factor, availability of less drastic alternatives, favors dismissal,

8      because the court has already attempted less drastic alternatives.  Specifically, the court,

9      cognizant of plaintiff's pro se status, issued an order giving plaintiff another opportunity to

10     respond to defendant's motion to dismiss.  In this order, the court warned plaintiff that further

11     failure to comply with the court's Local Rules and failing to file either an opposition or statement

12     of non-opposition will be construed as non-opposition to the motion and will constitute a ground

13     for dismissal.  (ECF No. 8 at 2-3.)

14             Finally, as to the fourth factor, the public policy favoring disposition of cases on their

15     merits, that factor is outweighed by the other *Ferdik* factors.  Indeed, it is plaintiff's own failure

16     to prosecute the case and comply with the rules that precludes a resolution on the merits.

17             Therefore, after carefully evaluating the *Ferdik* factors, the court concludes that dismissal

18     is appropriate.

19                                    **RECOMMENDATIONS**

20             Accordingly, it is HEREBY RECOMMENDED that:

21     1.      The action be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b); and

22     2.      The Clerk of Court be directed to CLOSE this case.

23             These findings and recommendations are submitted to the United States District Judge

24     assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

25     days after being served with these findings and recommendations, any party may file written

26     objections with the court and serve a copy on all parties.  Such a document should be captioned

27     "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

28     shall be served on all parties and filed with the court within fourteen (14) days after service of the

                                              3

1    objections.  The parties are advised that failure to file objections within the specified time may

2    waive the right to appeal the District court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th

3    Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

4                                                    **ORDER**

5            In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading,

6    discovery, and motion practice in this action are stayed pending resolution of the findings and

7    recommendations.  With the exception of objections to the findings and recommendations and

8    any non-frivolous motions for emergency relief, the court will not entertain or respond to any

9    motions and other filings until the findings and recommendations are resolved.

10   Dated:  January 31, 2025

11                                                    CAROLYN K. DELANEY

12                                                    UNITED STATES MAGISTRATE JUDGE

13   5, whit.1575.24

4